UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20180-CIV-MOORE/GARBER

DAVID H. MARION, as Receiver
For Bentley Financial Services, Inc.,

        Plaintiff,

v.

TED BENGHIAT, *et al.*,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Judgment Creditor David H. Marion, Receiver for Bentley Financial Services, Inc.'s ("the Receiver") Unopposed Motion for Relief from the Page Limitation in Local Rule 7.1(C)(2) (D.E. #14), and upon a *sua sponte* review of the file, upon Order of Reference from the Honorable K. Michael Moore, United States District Judge.

In the Receiver's Motion, he noted that a dispute had arisen between the Receiver and one group of Defendants ("the Benghiat Defendants") as to whether the Receiver's Memorandum in Opposition to Motion for Relief from Judgment (D.E. #9) had been in compliance with this Court's Local Rules regarding page limitations. Specifically, Local Rule 7.1.C.2 provides that "[a]bsent prior permission of the Court, no party shall file any legal memorandum exceeding twenty (20) pages in length, with the exception of a reply which shall not exceed ten (10) pages in length." Although the Receiver's Memorandum in Opposition to Motion for Relief from Judgment had been less than twenty pages (specifically, fourteen pages, not including the final signature page), in that Memorandum the Receiver had incorporated by reference at least part of a memorandum which the

Receiver had filed in the United States District Court for the Eastern District of Pennsylvania. The Receiver represented that the Benghiat Defendants contended that combining the approximately-fourteen page Memorandum which the Receiver had filed in this Court with the memorandum which the Receiver had filed in the Pennsylvania Court resulted in more than twenty total pages related to the Receiver's response to the Motion for Relief from Judgment, and therefore constituted a violation of Local Rule 7.1.C.2 because the Receiver had not obtained prior permission to exceed the Court's twenty-page limitation contained in that Rule.

In the Receiver's Unopposed Motion for Relief from the Page Limitation in Local Rule 7.1(C)(2), the Receiver sought an Order either: (1) affirming that the Receiver's Memorandum in Opposition to Motion for Relief from Judgment (D.E. #9), combined with the Pennsylvania memorandum which it incorporated at least in part, did not violate Local Rule 7.1.C.2; (2) holding that even if the Memorandum constituted a violation of Local Rule 7.1.C.2, then the Court granted the Receiver permission *nunc pro tunc* to exceed the twenty-page limitation and would consider the Memorandum as filed, including its incorporation of all or part of the Pennsylvania memorandum; or (3) that the Court would consider the Memorandum as filed, including its incorporation of all or part of the Pennsylvania memorandum, despite the fact that it constituted a violation of Local Rule 7.1.C.2. Essentially, the Receiver sought an Order in any form affirming that the Court would consider *as filed* the Receiver's Memorandum in Opposition to Motion for Relief from Judgment (D.E. #9).

Notably, the Receiver certified that he had conferred with the Benghiat Defendants' counsel, Jonathan Feldman, regarding the issue and that Mr. Feldman "agreed to the relief sought in this Motion, but requested that it be filed." D.E. #14, at 5. Mr. Feldman apparently wanted some written

indication in the record that the Court had decided that it would consider the Receiver's Memorandum in Opposition to Motion for Relief from Judgment despite the possible violation of Local Rule 7.1.C.2.

On May 25, 2007, this Court entered an Order by which it purported to grant the Receiver's Unopposed Motion for Relief from the Page Limitation in Local Rule 7.1(C)(2) and explicitly ruled that "the Judgment Creditor may submit his memorandum not to exceed thirty (30) pages." D.E. #15, at 1. The Receiver's counsel subsequently contacted the undersigned's Chambers and informed the undersigned's staff that the Receiver had not sought an order giving him permission to file a responsive memorandum not to exceed thirty (30) pages, but instead had merely sought an order affirming that the Court would consider *as filed* the Receiver's Memorandum in Opposition to Motion for Relief from Judgment (D.E. #9), including any reference to the Pennsylvania Memorandum, regardless of whether the Receiver's Memorandum in Opposition constituted a technical violation of Local Rule 7.1.C.2.

After due consideration, it is **ORDERED** that:

(1) That portion of the Court's May 25, 2007, Order (D.E. #15) in which the Court purported to grant Judgment Creditor David H. Marion, Receiver for Bentley Financial Services, Inc.'s ("the Receiver") Unopposed Motion for Relief from the Page Limitation in Local Rule 7.1(C)(2) (D.E. #14), is VACATED.[1]

(2) Judgment Creditor David H. Marion, Receiver for Bentley Financial Services, Inc.'s ("the Receiver") Unopposed Motion for Relief from the Page Limitation in Local Rule 7.1(C)(2) (D.E. #14) is GRANTED.

---

[1] All other portions of that Order remain in effect as written.

(3)  The Court will consider *as filed* the Receiver's Memorandum in Opposition to Motion for Relief from Judgment (D.E. #9), including any reference to or incorporation of the Pennsylvania memorandum, regardless of whether the Receiver's Memorandum in Opposition constituted a technical violation of Local Rule 7.1.C.2.

DONE AND ORDERED in Chambers at Miami, Florida this 31st day of May, 2007.

                                                              _____
                                                              BARRY L. GARBER
                                                              UNITED STATES MAGISTRATE JUDGE

Copies supplied to:
United States District K. Michael Moore
Counsel of record